IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JEROME COAST, JR,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No. 5:25-cv-513-TES-CHW |
| : | |
| **JOHN DOE,** : | |
| : | |
| **Defendant.** : | |
| : | |

## ORDER

Pending before the Court is a Complaint filed by *pro se* Plaintiff Jerome Coast, Jr., a prisoner currently confined in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, that has been docketed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). For the following reasons, Plaintiff must (1) either pay the Court's filing fee in full or submit a proper and complete motion for leave to proceed IFP and (2) recast his Complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims.

### MOTION TO PROCEED IN FORMA PAUPERIS

As an initial matter, Plaintiff has not paid the Court's $405.00 filing fee or submitted a motion to proceed *in forma pauperis* ("IFP"). A prisoner proceeding IFP must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Without a motion

containing this information, the Court cannot determine whether Plaintiff is entitled to proceed IFP or calculate the average monthly deposits or the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915. *See id.* (requiring the district court to assess an initial partial filing fee when funds are available). Plaintiff is thus **ORDERED** to either pay the Court's $405.00 filing fee in full or submit a proper and complete motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement. The Clerk is **DIRECTED** to provide Plaintiff with the appropriate forms for this purpose, marked with the case number of this case. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to comply.

## ORDER TO RECAST COMPLAINT

If Plaintiff wishes to continue with this action, he is also **ORDERED** to recast his Complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order. The recast complaint must contain a caption that clearly identifies, **by name**, each individual or entity that Plaintiff has a claim against and wishes to include as a defendant in this action.[1] Plaintiff is to name only the individuals associated with the

---

[1] Generally, "fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). This means that a plaintiff cannot simply name "John Doe" as a defendant if he does not know the defendant's actual name. The only exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean v. Barber*, 951 F.2d 1201, 1215-16 (11th Cir. 1992)). Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (internal quotation marks omitted).

claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

Plaintiff's recast complaint **shall take the place of and supersede all allegations made in the original Complaint (ECF No. 1).** The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. The Clerk is **DIRECTED** to send Plaintiff a copy of the Court's standard § 1983 form, marked with the case number for this case, that Plaintiff should use to submit his recast complaint.

## CONCLUSION

Based on the foregoing, Plaintiff is **ORDERED** to (1) pay the $405.00 filing fee in full or submit a complete and proper motion for leave to proceed IFP, to include a certified copy of his prison trust fund account information, and (2) recast his Complaint as explained above within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims. **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.** Plaintiff is further **DIRECTED** to notify the Court

3

immediately in writing of any change in his mailing address. There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 8th day of January, 2026.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge